**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 97-1071

_____

United States of America,          *
                                   *
          Appellee,                *
                                   *
     v.                            *
                          Appeal from the United States
                                   *
District Court for the
Dwite Valentine Hall,              *
Eastern District of Missouri.
                                   *
          Appellant.               *
[Unpublished]


_____

                              Submitted:  July 29, 1997
                                  Filed: August 7, 1997

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

     Dwite Hall challenges the 135-month sentence imposed by the district court[1] following his guilty plea to attempting to possess cocaine base and marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  We affirm.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Hall argues that the district court improperly sentenced him for possessing cocaine base, because the government failed to prove the cocaine base seized from Hall

at the time of his arrest was crack cocaine.  <u>See</u> U.S. Sentencing Guidelines Manual § 2D1.1(c), (n.(D)) (1995) (defining "cocaine base" as "crack," which in turn is defined as "the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form"); U.S. Sentencing Guidelines Manual App. C. amend. 487 (Nov. 1, 1993) (stating that "forms of cocaine base other than crack (<u>e.g.</u>, coca paste . .) will be treated as cocaine").

We find the district court did not clearly err in determining the government had proved by a preponderance of the evidence that the drug at issue was crack.  <u>See</u> <u>United States v. Williams</u>, 97 F.3d 240, 243 (8th Cir. 1996) (standard of review).  An experienced narcotics officer testified that the lumpy, rocklike substance admitted as evidence was crack; an expert criminalist who had tested the substance testified that the drugs were cocaine base or crack; and Hall did not introduce evidence to the contrary.  <u>See</u> <u>United States v. Wilson</u>, 103 F.3d 1402, 1407 (8th Cir. 1997) (rejecting argument that evidence was insufficient to permit district court to conclude form of cocaine involved was crack; forensic chemist testified substance was cocaine base and conclusion was not contradicted by other evidence); <u>United States v. Williams</u>, 982 F.2d 1209, 1212 (8th Cir. 1992) (identity of controlled substance may be proven through circumstantial evidence and opinion testimony; experienced narcotics detective opined substance was crack cocaine).

Accordingly, we affirm the judgment of the district

court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.